UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trent Davis,

                Petitioner,    Case No. 21-10867

v.                                    Judith E. Levy
                                      United States District Judge

S. Jackson,

                Respondent.

_____/

# OPINION AND ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS [1] TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Trent Davis, ("Petitioner"), presently confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a petition for writ of habeas corpus in this district pursuant to 28 U.S.C. § 2254. In his application, Petitioner challenges his convictions for two counts of assault with intent to commit murder and one count of felony firearm out of the Circuit Court for Calhoun County, Michigan. Proper venue for this petition is in the Western District of Michigan and the Court now orders that the petition be transferred to that district.

"Writs of habeas corpus may be granted by . . . the district courts

and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (quoting 28 U.S.C. § 2242). The court in the district where the petition was filed may, in the exercise of its discretion and in furtherance of justice, transfer the application to another district for a hearing and determination. 28 U.S.C. § 2241(d); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Petitioner was convicted in Calhoun County, Michigan and is presently incarcerated at the Brooks Correctional Facility in Muskegon Heights, Michigan, both located in the Western District of Michigan. Petitioner was convicted and sentenced in a state court located in the Western District of Michigan and is incarcerated in a state facility likewise located in that district. Thus, the United States District Court for the Western District of Michigan is the only court with jurisdiction to hear his 28 U.S.C. § 2254 petition.

Because of the potential inconvenience and expense of moving Petitioner between his facility and the Court for any hearings and because the entirety of his petition relates to acts and witnesses within the confines of the Western District of Michigan, the interests of justice are furthered by a transfer of the case to the Western District of Michigan.

For these reasons, the Court ORDERS the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated: May 3, 2021  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 3, 2021.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager